**UNITED STATES of America,
Plaintiff,**

v.

**1957 OLDSMOBILE 4-DOOR SEDAN, Motor No. A078437, Serial No. 579T02143, General Motors Acceptance Corporation, Intervenor.**

**No. 11486.**

United States District Court
S. D. Texas,
Houston Division.

June 4, 1959.

William B. Butler, U. S. Atty., and Norman W. Black, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Liddell, Austin, Dawson & Huggins and W. Robert Brown, Houston, Tex., for intervenor.

INGRAHAM, District Judge.

■ The United States is seeking to forfeit a 1957 Oldsmobile Sedan under the provisions of 49 U.S.C.A. §§ 781–788, concerning forfeiture of vehicles transporting narcotics. Intervenor, General Motors Acceptance Corporation, is the owner by assignment of all rights of the original owner of the automobile, Sam White Oldsmobile Company. The automobile was seized because it was used in the transportation of narcotics. This case is presented to the court on joint motions for summary judgment on stipulated facts. As such, it is a proper case for the exercise of summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ It is provided by 49 U.S.C.A. § 782 that a vehicle is not subject to forfeiture for acts committed while unlawfully in the possession of a person who acquired possession in violation of the criminal laws of any state. If *one* criminal law is violated when possession of an automobile is acquired initially, the automobile is not subject to forfeiture.

■ Intervenor has alleged that Dessara Christopher, the person from whom the automobile was seized, purchased said vehicle through the use of another person's name and thereby violated several criminal laws of the State of Texas, including Article 1436–1, Sections 59, 61, 62, and 53, Vernon's Ann.Texas Penal Code (Texas Certificate of Title Act); Article 1546a, Vernon's Ann. Texas Penal Code (making false written statement of financial condition to obtain personal property or credit); and Article 979, Vernon's Ann.Texas Penal Code (forgery). In the opinion of the court intervenor has made a sufficient showing, based on the stipulated facts, that the actions through which Dessara Christopher acquired possession of the automobile were in violation of all the criminal laws cited by intervenor; that the automobile is not subject to forfeiture under 49 U.S.C.A. § 782; and that it should be returned to intervenor.

The court believes there has been a clear showing of violation of the criminal provisions of Article 1436–1, the Texas Certificate of Title Act. Sections 59 and

61 provide in substance that it is unlawful to use a false or fictitious name or make any false statement in applying for a certificate of title to a motor vehicle. Section 62 provides that violation of any provision of the act is a misdemeanor. Section 53 provides that no title shall pass until the Act is complied with.

Dessara Christopher obtained initial possession of the automobile in violation of these provisions and violated the criminal laws of the State of Texas. Dessara Christopher violated the law by giving and writing the name of her mother, Nancy Christopher, on the conditional sale contract and having the application for the Texas certificate of title to the automobile issued in the name of Nancy Christopher. These actions constitute an intentional use of a false or fictitious name, i. e., a name other than one's own.

The court also believes that a violation of Article 1546a, making a false written statement of financial condition to obtain personal property or credit, has been shown. In substance this article provides that it is a misdemeanor knowingly to make a false written statement of financial condition with intent that such be relied upon for the purpose of procuring the delivery of personal property or extension of credit, amounting to more than $50. Dessara Christopher knowingly represented that her name was Nancy Christopher; that she was 43 years old, colored, divorced and employed in Nacogdoches, Texas, having a bank account there; and that she had $175 per month separate income from oil properties. Each of these statements is false concerning Dessara, but true concerning her mother, Nancy. These statements were reduced to writing and were made with the intent that they be relied upon. Sam White Oldsmobile Company, intervenor's assignor, relied upon them, having no actual knowledge that they were not true. As a result Dessara Christopher obtained possession of the automobile, which had a value of more than $50.

The court further believes that there has been a showing of forgery under Texas criminal law. By signing the name, Nancy Christopher, to the conditional sale contract without the authority of that person, Dessara Christopher committed forgery, which under Article 979 requires the making without lawful authority of a false instrument in writing, purporting to be the act of another, so that, if true, the instrument would have created a pecuniary obligation. The contract and signature, if true or authorized, would have created a pecuniary obligation on the part of Nancy Christopher.

■ On the question of an intent to injure or defraud, which the United States contends is required under all of the Texas theft and forgery statutes cited by intervenor, the court believes that there has been sufficient showing of such intent to prove a violation under all of the foregoing statutes. Such intent may be shown by the circumstances as well as by the acts and conduct of the accused. Some purpose must have motivated Dessara Christopher to use her mother's name to purchase the automobile and thereby incur the risk of prosecution for violation of the criminal law. Considering all the circumstances involved, it seems reasonable to conclude that she wanted to buy an automobile but knew that her credit rating and background would be unsatisfactory upon investigation, so that she used her mother's name rather than her own.

■ It is true that Dessara Christopher traded a 1956 Chevrolet automobile (valued at $1,120.42) and gave $750 in cash toward a total purchase price of $4,968. It also appears that she may have made payments amounting to $828 from the time she purchased the automobile until the time when it was seized by the United States. That she made a large down payment does not overcome the fact that she intended to use her mother's name to obtain personal property worth much more than her down payment, and to create a pecuniary ob-

ligation as to the unpaid balance of the purchase price.

Likewise, the payment of a substantial portion of the pecuniary obligation, perhaps indicating an intention to fulfill the terms of the conditional sale contract, does not overcome the intent to defraud evidenced at the time of purchase by the use of a false or fictitious name. The intent existing when the act is committed controls in determining the responsibility of the defendant. If the requisite criminal intent exists at that time, the crime is committed, and a subsequent change of intent will not relieve him of responsibility, since he cannot abandon what he has already done. 12 Texas Jurisprudence Sec. 31. Dessara Christopher's subsequent satisfaction in part of the pecuniary obligation is relevant only to the question of her intent at the time of purchase and taking possession of the automobile. In this situation intent to injure and defraud is an inference of fact to be found on the basis of all the circumstances involved. The presumption that a person intends the natural, necessary, or probable consequences of his acts applies, and on the basis of this presumption a specific intent may be inferred. This presumption may be overcome, however, by evidence to the contrary that the act was done with no intent to produce the result. In this case, though, the partial satisfaction of the obligation, even though it may have been paid on a regular monthly basis, is not sufficient to overcome the strong inference raised by Dessara Christopher's actions at the time of purchase and other circumstances involved. The fact is that Sam White Oldsmobile Company was deprived of valuable property rights at the time of purchase, amidst circumstances from which an intent to defraud could be clearly drawn. Against this logical inference the only contrary evidence is an apparent course of subsequent payment. Is the question of original intent to ride on the vicissitudes of subsequent intention? The court would hold that there has been a sufficient showing of intent to injure or defraud as would be required under any of the statutes involved.

In the opinion of the court the actions through which Dessara Christopher acquired possession of the automobile were in violation of all the criminal laws of the State of Texas cited by intervenor. Thus the vehicle is not subject to forfeiture, because the transportation of narcotics occurred while said vehicle was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the State of Texas. Intervenor is entitled to return of the automobile.

The clerk will notify counsel to draft and submit judgment accordingly.